IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHRISTOPHER LEE BUCK, )<br>)<br>Defendant. ) | Case No. CR-22-105-RAW |

**ORDER**

Before the court is the defendant's second motion in limine (#62), to which the government has responded in opoosition (#65).

This case involves allegations of sexual abuse of a minor (A.C.). In the goverment's amended trial brief, listed as a witness is M.B., described as a friend of A.C. It states: "M.B. is expected to testify that A.C. told her that the defendant was sexually abusing her." (#49 at 8). Defendant requests that such testimony be excluded as hearsay.

In response, the government relies upon Rule 807(a) F.R.Evid., which provides a "residual exception" permitting the admission of hearsay evidence if (1) the statement is supported by sufficient guarantees of trustworthiness [after considering the totality of the circumstances under which it was made and evidence, if any, corroborating the statement] and (2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts. In *United States v. Harrison,* 296 F.3d 994 (10th Cir.2002), the court quoted a treatise that "'courts regularly employ the residual exception in child abuse litigation.'" *Id.* at 1004 (citation omitted).

The Eighth Circuit has elaborated: "The residual hearsay exception is to be used rarely, and only in exceptional circumstances that generally exist when a child sexual abuse victim relates the details of the abusive events to an <u>adult</u>. We have upheld the admission of this testimony when the victim gave inconsistent testimony, recanted, or was unable or unwilling to recall specific details regarding the abuse during her in-court testimony." *United States v. Gallardo,* 970 F.3d 1042, 1046 (8th Cir.2020)(emphasis added)(citations and quotation marks omitted). Here, the alleged prior statement was not made to an adult, but to "a school friend." (#65 at 1).

Also, "a key, though not necessarily dispositive, factor in the case law is the child victim's availability to testify." 30B Wright & Bellin, Federal Practice and Procedure, §7067 at n.14 (2022 supp.). In the case at bar, it is anticipated that A.C. will testify in her own behalf. As the quotation above indicates, the nature of the testimony may affect the applicability of Rule 807. The motion cannot be granted at this time.

The government also states that it "anticipates that the Defendant will argue that A.C.'s disclosure of sexual abuse at the hands of the defendant is fabricated." (#65 at 5). If so, as the government notes, possibly applicable will be Rule 801(d)(1)(B), which declares that prior consistent statements are not hearsay in certain circumstances. Again, this must await the trial testimony. At the appropriate time, the government should announce whether it still intends to call M.B. as a witness, so that a discussion outside the jury's hearing may take place.

It is the order of the court that the defendant's second motion in limine (#62) is hereby denied without prejudice to renewal during trial.

**ORDERED THIS 14th DAY OF NOVEMBER, 2022.**

_____
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**