IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | Case No. CR-22-105-RAW |
| ) | |
| CHRISTOPHER LEE BUCK,   ) | |
| ) | |
| Defendant.   ) | |

### ORDER

Before the court is the defendant's motion to admit evidence pursuant to Rule 412 F.R.Evid. (#58), to which the government has responded in opposition (#64).

Rule 412(a) provides that in a civil or criminal proceeding involving alleged sexual misconduct, the following evidence is not admissible: (1) "evidence offered to prove that a victim engaged in other sexual behavior"; or (2) "evidence offered to prove a victim's sexual predisposition." Nevertheless, Rule 412(b)(1)(A) provides that in a criminal case the court may admit "evidence of specific instances of a victim's sexual behavior, if offered to prove that someone other than the defendant was the source of semen, injury, or other physical evidence." Rule 412(b)(1)(C) provides that the district court "may admit . . . evidence whose exclusion would violate the defendant's constitutional rights."[1]

Rule 412 pits against each other two exceedingly important values – the need to safeguard the alleged sexual assault victim against the invasion of privacy, potential

---

[1] An additional exception is set forth in Rule 412(b)(1)(B), but defendant does not rely upon it in the case at bar.

embarrassment, and sexual stereotyping that is associated with public disclosure of intimate sexual details, and the need to ensure that criminal defendants receive fair trials. *U.S. v. A.S.,* 939 F.3d 1063, 1071 (10th Cir.2019).

Defendant seeks to introduce evidence that the victim participated in group text messages discussing sex and sex toys. Specifically, defendant seeks to introduce text messages which the victim's mother allegedly discovered prior to March 8, 2018 (i.e., the date the victim first reported the alleged conduct). The record indicates that the government will present evidence of injury to the victim and that this injury was caused by defendant employing a sex toy on the victim.

Defendant's asserted logic is as follows: "The government is going to present evidence that the victim suffered injury. [Defendant] intends to introduce evidence that the victim caused the injury to herself. Her text messages show she is familiar with sex toys and discussed their use in the group chats." (#58 at 2). The motion will be denied.

First, the court agrees with the government: "The Defendant has offered no explanation of how he intends to prove these messages were sent by A.C., the application they were sent through, or any proof of the dates on which these messages were sent." (#64 at 1). A proper foundation is required. *See* Rule 901(a) F.R.Evid.

Second, as the court reads the pertinent messages (assuming the victim sent them) they are not in the nature of clearly factual statements, but rather may be designed to provoke laughter, or as boastful talk among friends. Under the present record, the court rejects

defendant's proposed line of logic. For the exception under Rule 412(b)(1)(A) to apply, the relationship between the evidence in question and the victim's injuries must be more than "speculative." *See United States v. Pablo,* 696 F.3d 1280, 1299 (10th Cir.2012).[2] Extrapolating from purported <u>knowledge</u> to <u>use</u> is speculative.

Third, as to Rule 412(b)(1)(C), while a defendant's constitutional rights include the right to present witnesses in his or her own defense, this right may be subject to restrictions imposed by a trial court. *United States v. Russell,* 798 Fed.Appx. 198, 202 (10th Cir.2019). The evidence must be both relevant and material. *Id.* The right of a defendant to present witnesses is limited to situations involving relevant evidence where the defendant's interests in admittance outweigh the government's interests in exclusion. *Id.* For the reasons stated, the court finds the evidence is neither relevant nor material and will be excluded.

It is the order of the court that the defendant's motion (#58) is hereby denied.

**ORDERED THIS 14th DAY OF NOVEMBER, 2022.**

_____
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**

---

[2]There is reference in the text messages to a "Levi" or "Lavi" and the use of a vibrator. This person is unidentified, and again there is no affirmative factual assertion in the messages, as opposed to fantasy or teasing, possibly.